# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**THOMAS LEE DOTY,**

    Plaintiff,

v.                                             **CIVIL ACTION NO.: 3:16-CV-37 (GROH)**

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert issued his R&R [ECF 16] on September 18, 2014. In the R&R, Magistrate Judge Seibert recommends the Court grant the Plaintiff's Motion for Judgment on the Pleadings [ECF No. 11] because the Administrative Law Judge's ("ALJ") decision did not comply with the applicable law and regulations. Magistrate Judge Seibert further recommends the Court deny the Defendant's Motion for Summary Judgment [ECF No. 13] and that this case be remanded to the agency for further analysis of the step three inquiry.

## I. Background

The Plaintiff, Thomas Lee Doty, applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 15, 2012, alleging a disability beginning on December 17, 2008. ECF No. 7-2 at 13. Plaintiff's claims were initially denied on August 1, 2012, and upon reconsideration on April 5, 2013. Id. The Plaintiff then requested a

hearing before an ALJ, which was held on September 29, 2014. Id. At the hearing, the Plaintiff was represented by Ambria Adkins. Id. Plaintiff testified during the hearing, as did a Vocational Expert ("VE"), Larry Ostrowski, Ph.D. Id. At the hearing, the Plaintiff amended his alleged onset date to May 15, 2012. Id. On October 29, 2014, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. Id. at 23. The Plaintiff appealed this decision to the Appeals Council, which denied his request. Id. at 2.

On April 5, 2016, the Plaintiff filed this action [ECF No. 1] for judicial review of an adverse decision of the Commissioner of Social Security ("Commissioner") denying his claims for DIB and SSI under Titles II and XVI of the Social Security Act. The Commissioner filed her Answer [ECF No. 6] on June 13, 2016. The Plaintiff then filed his Motion for Judgment on the Pleadings [ECF No. 11] on July 14, 2016. The Commissioner filed her Motion for Summary Judgment [ECF No. 13] on August 3, 2016. Plaintiff filed a Response [ECF No. 16] on August 30, 2016.

The Defendant timely filed her objections to the R&R [ECF No. 20] on March 20, 2017, and the Plaintiff filed a Response in Opposition [ECF No. 21] on April 3, 2017.[1] The Defendant objects to Magistrate Judge Seibert's finding that the ALJ failed to perform an adequate step-three analysis. Specifically, the Defendant argues that the magistrate judge improperly determined there was ample evidence in the record to require a discussion of the Plaintiff's impairments and the Listings. The Defendant relies on Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1086), for the proposition that the "ALJ is only required

---

[1] The Plaintiff's Response contradicts itself. In his Response, the Plaintiff states he "respectfully requests that this court reject the proposed findings and recommendations of the magistrate judge." However, in his conclusion, he "requests this court to adopt the Magistrate Judge's Report and Recommendation." Given the apparent haste with which the Plaintiff's response was written, the Court largely disregards its contents.

to evaluate a listing when there is ample evidence in the record to support a determination that a listing could be met or equaled." See ECF No. 20 at 5. The Defendant maintains that "the facts in this case do not remotely suggest that Plaintiff met or equaled any of the listed impairments" and therefore the ALJ's decision "provided sufficient articulation with respect to the listings criteria." Id. at 2-3.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which the Defendant objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citing Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979)). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which the Defendant objects and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

### C. Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id. The steps are as follows:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
> Step Two: Determine whether the claimant has a severe impairment;
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found that the Plaintiff had a number of severe impairments, but supposedly relied on the first ALJ's determination that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See ECF No. 7-2 at 17. At issue in the instant case is the ALJ's failure to provide a sufficient explanation for this determination.

### III. Discussion

Upon careful consideration of the record, the parties motions and the R&R, the Court finds Magistrate Judge Seibert committed no clear error with regard to the portions of the R&R to which the Plaintiff does not object. Further, upon *de novo* review of the ALJ's step three analysis, this Court agrees with the magistrate judge that it was inadequate. In Cook v. Heckler, the Fourth Circuit rejected an ALJ's decision where it failed "to explain the reasons for the determination that Cook's arthritis did not meet or equal a listed impairment." 783 F.2d 1168, 1173 (4th Cir. 1986). The Court continued, "[the ALJ] also failed to compare Cook's symptoms to the requirements of any of the four listed impairments, except in a very summary way." Id.

Courts in this District have routinely held that an AALJ must identify the relevant listings and then compare each of the listed criteria to the evidence of the claimant's symptoms at step three of the sequential evaluation. This Court has further held that an ALJ's finding will not be upheld if the ALJ "simply restates verbatim the language of the relevant listings." Hardman v. Comm'r of Soc. Sec., Civ. Action No.: 5:14CV132, 2015 WL 1221357, at *2 (N.D. W. Va. Mar. 17, 2015) (internal citations and quotations omitted).

Here, the ALJ did not even do that much. The entirety of the ALJ's step three discussion, with regard to the Plaintiff's physical impairments, was as follows:

5

> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Supbart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). In so concluding, the undersigned has appropriately evaluated medical and other evidence pertaining to the claimant's medically determinable impairments in conjunction with all the relevant severity criteria contained within the 1.00 Musculoskeletal System, 3.00 Respiratory System, 11.00 Nuerological, and 12.00 Mental Disorders series of listed impairments.

ECF No. 7-2 at 16.

This Court, and others throughout the District, have previously noted that an "ALJ is required to give more than a mere conclusory analysis of the plaintiff's impairments pursuant to the regulatory listings." Fraley v. Astrue, Civil Action No. 5:07CV141, 2009 WL 577261, at *25 (N.D. W. Va. Mar. 5, 2009) (citation omitted); see also Bentley v. Comm'r of Soc. Sec., Civil Action No. 1:13CV163, 2014 WL 906587, at *24 (N.D. W. Va. March 7, 2014) (finding the ALJ had provided "no explanation that the Court can rely on that indicates why Plaintiff does not meet Listing 1.02A"). The ALJ's reasoning is essential because "a record of the basis for the ALJ's ruling" is "[a] necessary predicate to engaging in substantial evidence review." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). In sum, an ALJ must provide a sufficient explanation at step three, or substantial evidence will not be found to support the ALJ's decision.

Recently, the Fourth Circuit has reinforced this approach. In Fox v. Colvin, the Court held that an ALJ's decision "failed to provide sufficient reasoning to allow for meaningful judicial review" when "the ALJ did not apply findings to the disability listing." No. 14B2237, 2015 WL 9204287, at *1 (4th Cir. 2015) (unpublished per curiam). The Court explained that "the ALJ engaged in the same conclusory analysis that we found to be unacceptable in Radford." Id. at *4. In Fox, the Court found that the ALJ's analysis was "perfunctory and offered nothing to reveal why he was making his decision." Id. The

6

same is true here; the ALJ's decision at step three offers absolutely no explanation for her findings and does not apply findings to the listings. This Court takes heed the Fourth Circuit's warning in Fox:

> The magistrate judge recognized the ALJ's failure to provide sufficient reasoning, yet he still engaged in a fact-finding expedition. . . . In turn, the district court concurred because the magistrate judge "was able to engage in a substantive, meaningful review of the final decision of the Commission despite the ALJ's error." Despite both courts' recognition of the ALJ's error, they engaged in an analysis that the ALJ should have done in the first instance. *To do so was in error*.

Id. at *4 (internal citations omitted) (emphasis added). This Court shall not attempt a fact-finding expedition to discern whether the record can support the ALJ's ultimate conclusion—that must be done by the ALJ. Therefore, the ALJ's decision is not supported by substantial evidence, and her step three analysis is impermissibly inadequate. Accordingly, the Defendant's objection is **OVERRULED**.

## IV. Conclusion

Thus, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 19] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Judgment on the Pleadings [ECF No. 11] is **GRANTED** and the Defendant's Motion for Summary Judgment [ECF No. 13] is **DENIED**. The Court further **ORDERS** that this matter be **REMANDED** to the agency for further analysis of the step three inquiry.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** April 11, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE